# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| ANTONIO MARQUETTE MANGRAM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV615-022 |
| ) | CR612-018 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Antonio Mangram, proceeding *pro se,* moves to vacate his guilty plea conviction for possession of cocaine with intent to distribute. Doc. 1098;[1] 28 U.S.C. § 2255. He claims that his attorney, Ronald Harrison, failed to (1) file an appeal despite instructions to do so, (2) "fully and completely explain the plea agreement," and (3) object to the presentence investigation and plea colloquy. Doc. 1098 at 4-7. He wants his appellate rights restored, counsel appointed to assist with that appeal, and resentencing without application of an unspecified Sentencing Guidelines

---

[1] All citations are to the criminal docket in CR612-018 unless otherwise indicated, and all page numbers are those imprinted by the Court's electronic docketing software.

enhancement. *Id.* at 13. Opposing, the government argues that his motion is untimely by approximately five months. Doc. 1110 at 2-4.

I. **BACKGROUND**

Mangram pled guilty (doc. 851) and was sentenced to 92 months' imprisonment on September 5, 2013. Doc. 835. He failed to file an appeal within the fourteen days allowed by Fed. R. App. P. 4(b)(1)(A)(i). He also missed the 30-day window during which late filings may be excused for good cause. Rule 4(b)(4). Nevertheless, he filed a notice of appeal on March 3, 2014. Doc. 1005.

The Eleventh Circuit denied Mangram's motion to substitute counsel and instead directed Harrison to file a merits brief, or one pursuant to *Anders v. California*, 386 U.S. 738 (1967), accompanied by a motion to withdraw as Mangram's lawyer. Doc. 1046. The government, as it does here, moved to dismiss the appeal as untimely; the Eleventh Circuit granted that request and dismissed Mangram's appeal on October 9, 2014. Doc. 1056. A little more than four months later, he filed the present § 2255 motion. Doc. 1098 (filed February 26, 2015).

## II. ANALYSIS

Mangram argues that he appealed late because Harrison disregarded his specific instructions to file a direct appeal.[2] Doc. 1099. That, says the government, doesn't matter. Even if counsel ignored Mangram's request outright, he should have, through the exercise of due diligence, discovered that failure and moved for § 2255 relief long before

---

[2] Culling that argument from Mangram's brief requires a construction of his claims more charitable than the "liberal construction" required by law. *See Gilbert v. Daniels*, 2015 WL 5063183 at * 1 (11th Cir. Aug. 28, 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 759 (2014)). He never states that he asked his attorney to file an appeal; rather, he quotes *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), and intimates that it applies here. *See* doc. 1099 at 2. Regardless, as discussed below, his § 2255 motion remains untimely even if the Court gives his arguments the most charitable gloss possible.

This, moreover, is not the Court's first brush with a § 2255 movant who claims that he told his lawyer to file a direct appeal from his conviction, yet none was filed. *See, e.g., Ortega v. United States*, 2014 WL 3012657 at * 1 (S.D. Ga. July 2, 2014). To address these claims, and the costly evidentiary hearings they often generate, the Court created the Notice of Counsel's Post–Conviction Obligations ("Notice"), a form that is to be furnished to counsel by the Clerk at sentencing (it evidently wasn't in this case, *see* doc. 834). *Id.* That Notice reminds counsel of the general duty to "consult" with the client about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores–Ortega*, 528 U.S. at 478. The Notice requires that both the defendant and counsel execute the form, thus cross-memorializing their consultation and the defendant's instructions regarding an appeal.

In the future, counsel should utilize the Notice, whether or not the Clerk provides a copy, since it is available on the Court's website. *See* http://www.gasd.uscourts.gov/usdcForms.asp. Doing so will avoid the aforementioned evidentiary hearing that isn't necessary here only because Mangram's § 2255 motion is time-barred regardless of whether counsel upheld his consultation obligations.

February 26, 2015. Doc. 1110 at 3. Anticipating his reply brief argument, the government also insists that he is not entitled to equitable tolling. *Id.* at 3-4.

Mangram's § 2255 motion is time-barred. Because he took no timely appeal, his September 5, 2013 conviction became final on September 19, 2013. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (judgment of conviction becomes final when the time for directly appealing expires); Fed. R. App. P. 4(b)(1)(A) (defendants have 14 days post-conviction to file a notice of appeal). Under 28 U.S.C. § 2255(f)(1), he had until September 19, 2014 to file his § 2255 motion, but waited until February 26, 2015.[3] Doc. 1098 at 13.

Mangram also fails to show entitlement to equitable tolling.[4] He appears to argue that Harrison's alleged over-billing, negligence in not

---

[3] Mangram does not argue that the one-year period should measure from any of the dates contained in § 2255(f)(2)-(4). Nor could he, since no government action impeded his appeal, *see id.* at (f)(2), he relies on rights recognized prior to his conviction, *see id.* at (f)(3), and, had he exercised due diligence, he could have discovered Harrison's alleged failure to appeal any time after the expiration of the 14-day appeal window. *See id.* at (f)(4).

[4] The one-year limitations period for § 2255 motions

> is subject to equitable tolling, which applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). Equitable tolling is an "extraordinary

4

filing an appeal, and acceptance of collateral as payment for legal services somehow excuse his untimely filing. *See* doc. 1111 at 6. Even accepting those allegations as true, they provide no excuse since "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014).

To the extent Mangram argues that Harrison over-billed in order to convince Mangram he was working on an appeal and thus conceal his failure to file, that too falls short. Attorney fraud certainly can constitute an extraordinary circumstance. *See, e.g., Grady v. Jones*, 2014 WL 793541 at * 6 (M.D. Ala. Feb. 26, 2014) (non-lawyer holding himself out as licensed, practicing attorney and subsequently lying to defendant about pursuing state habeas claims qualified as extraordinary circumstance for equitable tolling purposes). But that's not what

---

remedy" reserved for "rare and exceptional circumstances." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). To establish entitlement to equitable tolling, a petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quotation marks omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

*Gillman v. Sec'y, Fla. Dep't of Corr.*, 576 F. App'x 940, 943 (11th Cir. 2014).

happened here. The documents Mangram submits to prove that Harrison over-billed date from *after* Mangram filed his (untimely) appeal *pro se*. Moreover, they show that counsel felt Mangram had no viable claims on appeal,[5] not that he was attempting to bill for work on an appeal. *See* doc. 1098-1 at 1, 7. They further reveal that the twenty-five hours of attorney time Mangram thinks Harrison billed to conceal his failure to file were actually spent addressing post-sentencing issues that Mangram requested he work on. *See id.* at 1. Hence, any argument that counsel defrauded Mangram must fail.

Nor can Mangram claim that the Eleventh Circuit's pre-dismissal actions hoodwinked him. Mangram points to correspondence from the Eleventh Circuit informing him that counsel could file a motion to reinstate his appeal (it was dismissed for lack of prosecution) as reason to

---

[5] On June 4, 2014 Harrison wrote to Mangram, just before filing a motion to reinstate Mangram's appeal:

> For the record, it is our position that you are aware that you signed an appeal waiver freely and voluntarily. The waiver was explained by myself and Judge Edenfield. You knew your estimated guideline range and resolved your objections by consent after review of the evidence and law. You acknowledged this fact in court. Your grievance is because the Bureau of Prisons did not allow you in the drug treatment program. Entry is at the sole discretion of the Bureau of Prisons even with the recommendation of the sentencing judge. It is unfortunate, but it does not validate your grounds for appeal. A brief review of the case law by you or your advisors will confirm this fact.

Doc. 1098-1 at 7.

6

believe "there was no need to file any § 2255 as the appeal would be reinstated." Doc. 1111 at 4. Such an argument rests on a foundation of legal ignorance, not a misleading directive from any court, and so cannot warrant equitable tolling. *Compare Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (petitioner entitled to equitable tolling because state habeas court instructed him to file his application for a certificate of probable cause in the wrong court), *with Hill v. Jones*, 242 F. App'x 633, 636-37 (11th Cir. 2007) (distinguishing *Spottsville* in denying relief because the petitioner simply mailed his notice of appeal from the denial of Rule 32 relief to the wrong court without having been given erroneous information by a court), cited in *Butler v. Estes*, 2015 WL 1883846 at * 5 (N.D. Ala. Apr.28, 2015) ("[I]n Butler's case, he alleges only that he was not told of certain legal rights, not that a court or anyone else affirmatively told him something wrong."); *see also Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling).

At bottom, assuming his allegations regarding Harrison's failure to file an appeal are true, Mangram should have realized long before September 19, 2014 (the deadline to file his § 2255 motion) that no

appeal was filed and at that point sought habeas relief.[6] *See Bing v. United States*, 2015 WL 4092699 at * 2 (S.D. Ga. Jul. 6, 2015) (movant whose attorney allegedly failed to appeal despite instructions that she do so filed an untimely appeal instead of a § 2255 motion, which was nevertheless later dismissed as time-barred). He did not, and so his one-year § 2255 clock struck zero four months ago.

## III. CONCLUSION

Antonio Mangram's § 2255 motion therefore should be **DENIED** as untimely. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

---

[6] The Court would reject any plea by Mangram that he in good faith thought an out-of-time appeal was the proper vehicle to seek relief for Harrison's alleged error instead of a § 2255 motion, since it would simply be another species of the legal ignorance argument. *See Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations [for filing § 2255 motions]."); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v. United States*, 544 U.S. 295, 311 (2005)).

**SO REPORTED AND RECOMMENDED**, this 30Th day of September, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**